IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In re:

Riley Evans and                                              Chapter 7
Nora Renee Evans,                                            Case No. 06-20023

            Debtors.

### ORDER DENYING MOTION TO COMPEL DEBTORS TO REAFFIRM DEBT, OR REDEEM, OR SURRENDER COLLATERAL

This matter comes on following the motion of the creditor, Nuvell Credit Corporation ("Nuvell"), to compel the Debtors to reaffirm the debt owed to them, to redeem on the debt, or to surrender the 2002 Chevrolet S-10 truck, Serial No. 1GNDT136122466434, which serves as collateral on the debt. The Debtors are current on their payments and want to retain the vehicle, but do not want to sign a reaffirmation agreement. Nuvell relies on language recently adopted in Section 521(a)(6) of the Bankruptcy Code for the proposition that regardless of the status of payments, Bankruptcy Debtors, by virtue of their status as Bankruptcy Debtors, must either reaffirm or redeem the debts secured by collateral in order to retain the possession of collateral.

Bankruptcy Code § 521(a)(6) states, in pertinent part, as follows:

(a) The Debtor shall-......
    (6) in a case under Chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either-
        (A) enters into an agreement with the creditor pursuant to section 524© with respect to the claim secured by such property; or
        (B) redeems such property from the security interest pursuant to section 722
If the debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the

estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law, unless the court determines on the motion of the trustee filed before the expiration of such 45-day period, and after notice and a hearing, that such property is of consequential value or benefit to the estate, orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee;

The Court finds that the final sentence in the section quoted above defines the consequences to the debtors should they fail to reaffirm or redeem a secured debt. Namely, that the automatic stay is terminated and the creditor may avail itself of remedies provided under nonbankruptcy law. It is well settled in the Fourth Circuit that the mere filing of a bankruptcy in and of itself can not constitute a default. See Riggs National Bank v. Perry, 729 F. 982 (4th Cir. 1984). The Court finds that Congress in adopting the language in Bankruptcy Code §521(a)(6) did not intend to overrule that proposition, which would have been the effect had the Court interpreted the statute in accordance with Nuvell's position. In the present case, Nuvell has not cited any basis under nonbankruptcy law that would justify the Court in granting the motion to compel. Accordingly, while the automatic stay has terminated as an operation of law with respect to the subject debt and collateral, the motion to compel is not appropriate and is hereby **DENIED**.

**IT IS SO ORDERED.**

ENTERED: 8/4/2006

Ronald G. Pearson, Bankruptcy Judge

2